UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

WILLIAM F. BANKHEAD,
Plaintiff,

**CV11 - 4920**

CIVIL RIGHTS SUIT--JURY TRIAL
vs.                                                        DEMANDED--*"JIM CROW LAWS"*

NYPD POLICE OFFICER(s) 'JOHN/JANE DOES #1,
#2, & #3, each involved in the stop, seizure of           GARAUFIS, J.
property and summon #432514534-5, all
assigned to the 83rd PCT.,CITY OF NEW YORK,               BLOOM, M.J.
Defendant,

-----------------------------------------------------------X

Plaintiff(s) , as and for this complaint against the defendants based upon personal knowledge,
alleges as follows:

## NATURE OF THE ACTION

1).That this is an action pursuant to 42 USC 1981,1982, 1983, 1985, the 1st, 4th, 5th and 14th
Amendments to the States Constitution; Article l, Section 6, 11 and l2th of the New York State
Constitution and related state claims for false arrest, malicious prosecution, abuse of process,
intentional infliction of emotional distress, negligence, conversion and plaintiff also seeks
equitable relief as stated herein below.

## JURISDICTION AND VENUE

2). This court has jurisdiction over the federal claims pursuant to 28 USC and 1331 and
1343(a)(4) and supplemental jurisdiction over the state claims pursuant 28 USC 1367(a). Venue
lies in this district pursuant 28 USC 1391(b) because the claims arose in this district.

## PARTIES

3). Plaintiff was and still is a resident of in the State of New York , County of KINGS
Plaintiff's address is:c/o Jesus Pena, 1402 Myrtle Avenue, Bklyn, NY, 11237.

4). Defendant CITY OF NEW YORK (i.e. the New York City Police Department) is a municipal
corporation and entity duly organized and existing by virtue of the laws of the State of New
York, and the New York City Corporation Counselors Offices, 100 Church Street , New York
City, 10007, NY, is its attorney.

5). Defendant Police Officer(s) described within the above caption ,at all relevant times, were
New York City Police Officers of the New City Police Department and an employee of the
Defendant City of New York. These police officers, at all times relevant, was assigned to and
which is believed to be located at 83rd PCT, 100 Knickerbocker Ave, Bklyn, NY, 11237.

## FACTS

6). That on or about 08/18, 2011, at about1:45 PM , plaintiff was in the area of 697 Knicker-bocker Avenue, Bklyn, NY.

7). That the defendant police officers approached the plaintiff and order the latter to stop and to produce identification. The victim here complied with the demands of the police officer.

8). That plaintiff asked the officers why such action was being taken and the officer then claimed that the plaintiff was observed committing an offense of the law. In particularly, the police officer alleged that plaintiff violated **either** Title l0 of the New York City Administrative Code, section 10-125 (a)(2)(b) ,(hereinafter referred to as "10-125 (a)(2)(b),"**or** Title 22 of the New York State Codes, Rules or Regulations, Section 1050.7(g), (hereinafter referred to as the "Transit Authority Rules of Conduct")

9). That 10-125(a)(2)(b) reads as follows:

> "NO PERSON SHALL DRINK OR CONSUME AN *ALCOHOLIC*
> *BEVERAGE*, OR POSSESS, WITH INTENT TO DRINK OR
> CONSUME, AN OPEN CONTAINER *CONTAINING AN AL-*
> *COHOLIC BEVERAGE* IN ANY *PUBLIC PLACE* EXCEPT AT
> A BLOCK PARTY, FEAST OR SIMILAR FUNCTION FOR
> WHICH A PERMIT HAS BEEN OBTAINED

11). **That an "Alcoholic beverage" is clearly defined in the New York Administrative Code, Title l0, Section 10-125(1)(a),** (hereinafter referred to as "10-125(a)(l)."

l2). That **10-125(a)(1)** reads as follows:

> "*ALCOHOLIC BEVERAGE. ANY LIQUID INTENDED FOR HUMAN CONSUMPTION*
> CONTAINING MORE THAN *ONE- HALF OF ONE PERCENT (.005) OF ALCOHOL BY*
> *VOLUME.*"

l3). That the Transit Authority Rules of Conduct reads as follows:

> " DISORDERLY CONDUCT. NO PERSON ON OR IN THE
> FACILITY OR CONVEYANCE SHALL: . . .DRINK ANY
> ALCOHOLIC BEVERAGE OR POSSESS ANY OPENED
> OR UNSEALED CONTAINER OF ALCOHOLIC
> BEVERAGE, EXCEPT ON PREMISES DULY LICENSED
> FOR THE SALE OF ALCOHOLIC BEVERAGES, SUCH AS BARS AND
> RESTAURANTS"

14) . That there are no known definitions of the term "*alcoholic beverage*" described within the Transit Authority Rules of Conduct, revised edition of 6/97 and under "Job # 0597025."

15). That the victim here did immediately deny having any kind of alcoholic beverage within the

bottle, can or vessel described within paragraph 6, supra.

16). Furthermore the plaintiff informed the officers that he knew of the particular section within the New York City Administrative Code which defines an "alcoholic beverage," and recited that section to the police officers hereto. Furthermore, the plaintiff respectfully demanded that the officer check for existence of the "government warning" upon the flask that must be labeled to any alcoholic beverage, and to investigate the top , bottom, and side of the flask for, inter alia, a freshness or control date , and verify if such label was in violation of the 1996 Federal Anti-Counterfeiting Consumer Protection Act. That despite this, the police officer prepared a summons at that point for the identical offense(s) disregarding such., and such disregard continued by the officer even after the institution of the state court proceedings.

17). That the plaintiff respectfully asked the officer to take the alleged chemical contraband within the bottle, can or vessel for analyses by the police department laboratory. The officers indicated that this was unnecessary as the only proof needed in court later would be the brand name, i.e., the label, upon the bottle, can or vessel of the alleged chemical contraband. At the scene, plaintiff told the officer a court order for examination of the label and testing of the alleged alcoholic beverage would occur. The cop-defendants hereto immediately destroyed the physical evidence, and refused, neglected or denied plaintiff an itemized receipt for plaintiff's personal property. That, in fact, the acts by the officers was not to enforce a legitimate law, but that of **_"Jim Crow Law"_** denying equal protection of the laws to Plaintiff to be let alone, to have equal access to travel the thoroughfares as that given to White people, and to have equal access to the court in presenting evidence on his behalf as charges brought against plaintiff by the members of the Police Department. That "Jim Crow" law enforcement is prevalent inside the County of Kings, and among members of the NYPD.

18). That plaintiff informed the police officers that the **label** is no proof of the physical make-up of the **chemical within** the bottle, can or vessel.

19). That nonetheless, that one of the  police officers handed the plaintiff a summons, namely, to appear before a court of the City of New York , County of Kings.

20). At time described hereinabove did the police officers hereto act in a manner so as to seek the ends of justice, or to fulfill the officer's own oath of office, and being compliance with the New York City Police Department manual, but upon **_"Jim Crow laws"_** which prevents non-White from standing, walking or traveling the public thoroughfares, and Right to be Let Alone, to present evidence before courts on equal terms as White People are afforded.

20a). That the plaintiff did not receive any police department "Property Clerk Invoice (PD-521). from the named police officer(s) herein, or from any other police officer for personal property, vis, the can, bottle or any other kind of flask seized/destroyed by police officials on the date and time aforementioned.

20b). That there exist a clear duty; in accordance with the NYC Charter, Chapter 18, Section 435(a), on the police force in New York City to, inter alia, protect property and rights of person.

21). That the plaintiff appeared before the New York City Court, namely, and was ultimately vindicated of all offenses charged by the identified police officer(s) and at the assistance of the remaining defendants hereto. Furthermore, none of the defendants appeared before the state court proceeding with any kind of lab report regarding the identity of the alleged liquid "alcoholic beverage" abovementioned. In addition, the officer(s) hereto failed, neglected or refused to verified whether or not the container's label or Ad was counterfeit. That in the New York City

Police Department and among the defendants hereto there is a unwritten policy and practice called the *"Jim Crow laws"* whereby persons of such races of African-American and Hispanic-Americans are deliberately targeted for ticketing, arrest, detention, searches, destruction of personal property. That no search & seizure reports were made by the defendants regarding plaintiff.

22). At no time described herein above did the victim commit any act of provocation so as to justify or warrant the behavior by the defendant police officer. That enforcement of *"Jim Crow Laws"* and robbery (NYS Penal Law, 160.05, et.seq) and larceny (NYS Penal Law, 155.30, subd..5, et.seq.), plus official misconduct **(NYS Penal Law, 195.00)** was the true reason behind the aforementioned behavior of the named police officer(s) and to cover-up same with the assistance of the remaining defendants.

## CLAIMS

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST AS AGAINST ALL DEFENDANTS.

23). Plaintiff repeats, reiterates and realigns each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

24). At all relevant times, the defendant police officers and are employees of the City of New York, acted under color of laws and within the scope of the duties as employee, agents and official of the defendant City of New York .

25). Upon information and belief and at all relevant time herein, the defendant City of New York employed the particular police officers identified hereinabove.

26). At all relevant times herein, on the date of , the defendant police officers caused plaintiff to be arrested by an agent, employee and/or servant of the defendant City of New York .

27). That the aforementioned arrest and subsequent detention were without probable cause or any justification and was further based upon defendant's false statements, falsified reports, falsified documents, falsified evidence and perjured testimony.

28). There was no warrant issued for the arrest of the plaintiff which occurred on the date aforementioned, or any order from any tribunal issued granting the police destruction of evidence and personal property belonging solely to the Plaintiff.

29) .The arrest of the plaintiff by the defendant police officers was without probable cause and without reasonable grounds for the police officer hereto to believe that plaintiff had committed a violation, offense or even a criminal act; the police officer defendant further knew that he/she was without probable cause to arrest plaintiff, and this defendant intentionally made false statements, committed perjury, falsified reports, falsified official documents and falsified evidence to effect the false and unlawful arrest of the plaintiff.

30). As a result of the police officers-defendant's unlawful, malicious and false arrest of the plaintiff , this defendant placed this plaintiff under arrest, deprived plaintiff of his liberty without due process of law and confined and incarcerated the plaintiff against the person's will.

31). That at all times herein mentioned, defendant City of New York was and is vicariously liable for the false arrest of the particular plaintiff by its employee police officers under the doctrine of respondent superior.

32). That as a result of the false arrest which the plaintiff suffered, the particular plaintiff was incarcerated for approximately within the location described herein above, plaintiff since suffers from recurring and terrifying memories, nightmares, dreams, difficulty in concentrating , irritability, inability to function in common activities (work/hobbies), general tenseness and anxiety, plaintiff's earning power was impaired, and large sums of money were expended by plaintiff in the defense of the offenses charged.

33). That by reason of the foregoing intentional, concerted, unlawful, malicious, reckless and deliberately indifferent conduct and false arrest, the plaintiff is entitled to recover compensatory damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against all defendants, and punitive damages and/or exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00) and, if applicable, attorney's fees as against the individual defendant police officer.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT AS AGAINST ALL DEFENDANTS.

34). Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

35). That subsequent to the false arrest, plaintiff was held in custody, incarcerated and detained as fully described in this complaint.

36). At all relevant times hereto, this particular plaintiff was conscious of his imprisonment, detention and confinement by the defendant police officer.

37), That at the aforementioned detention and incarceration was the result of a false and illegal imprisonment, which plaintiff was caused to suffer.

38). At all relevant times, the defendant police officer acted under color of law and within the scope of the duties as an employee, agent and official of the defendant City of New York .

39). That at all times herein mentioned, defendant City of New York was and is vicariously liable for the false imprisonment of the particular plaintiff by its employee police officer under the doctrine of respondent superior.

40). That as a result of the false imprisonment which the plaintiff suffered, plaintiff was imprisoned as described hereinabove, plaintiff since suffers from recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability, inability to function in common activities (work/hobbies), general tenseness and anxiety, and large sums of money were expended by plaintiff in the defense of the offenses as charged.

41). That by reason of the foregoing intentional concerted, unlawful, malicious, reckless and deliberate indifferent conduct and false imprisonment, plaintiff is entitled to recover damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against all defendants, and punitive and/exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00) and, if applicable, attorney fees as against the individual defendant police officer.

## AS AND FOR A THIRD CAUSE OF ACTION FOR MALICIOUS PROSECUTION AS AGAINST ALL DEFENDANTS.

42). Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

43). That following the arrest and imprisonment of plaintiff, court proceedings were initiated against the plaintiff by the defendants City of New York , and Police Officer. .

44). Approximately or soon thereafter, plaintiff appeared in a court of the City of New York for the County of Kings.

45). Defendant police officers testified and committed perjury either personally/absentia before the court of the City of New York aforementioned in the course and general scope of the police officers employment duties and official duties with the defendant City of New York .

46). That the initiation of the aforesaid proceeding was a result of false statements, misrepresentations, perjured testimony, falsified reports, falsified official documents, falsified evidence, suppressed evidence and bad faith conduct of defendants City of New York and the police officer named hereinabove.

47). Thereafter a hearing/trial upon the offense was commenced against the plaintiff.

48). False statements, misrepresentations, perjured testimony, falsified reports, falsified official documents, falsified evidence, suppressed evidence and bad faith conduct by defendant City of New York and the police officer hereto were, in total or part, presented at the proceeding of this plaintiff.

49). On or about before a court of the City of New York as aforementioned, a hearing/trial verdict acquitted plaintiff of all of the charged offenses.

50). That there was insufficient and defective evidence and no probable cause upon which to commence the aforementioned prosecution.

51). Defendants City of New York and the particular police officers named above had actual or apparent knowledge of facts strong enough to justify a reasonable person in the belief that there was an absence of lawful grounds for the prosecution of the plaintiff in the manner complained of.

52). Defendants City of New York and the officer named above knew of, or had reason to know that the plaintiff was not guilty of the offense as was charged.

53). That at the times of the aforementioned malicious prosecution, the defendant police officers were acting under color of law in the course and general scope of employment duties and official duties pursuant to the authority given by the defendant City of New York .

54). That at all times herein mentioned, defendant City of New York was and is vicariously liable for the malicious prosecution of the particular plaintiff caused by its employee police officer under the doctrine of respondent superior.

55). That as a result of the malicious prosecution to which the plaintiff was subject, plaintiff since suffers from recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability, inability to function in common activities (work/hobbies), general tenseness and anxiety, plaintiff was imprisoned as described hereinabove and large sums of money were expended by plaintiff in defense of the offenses charged.

56). That by reason of the foregoing intentional, concerted, unlawful, malicious, reckless and deliberately indifferent conduct and malicious prosecution, plaintiff is entitled to recover compensatory damages in the sum of THREE MILLION DOLLARS ($3,000.000.00) as against all defendants, and punitive and/or exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00) and, if applicable, attorney fees as against the individual

defendant police officers.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST ALL DEFENDANTS.

57). Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

58). That at all times herein mentioned, defendant City of New York, and the police officers hereto exhibited extreme, outrageous and reckless conduct by falsely arresting, imprisoning, detaining and incarcerating, plus maliciously prosecuting the plaintiff with the use of perjured testimony and/or false reports, falsified official documents, falsified evidence and bad conduct.

59). That the defendants City of New York and the police officers hereto intentionally inflicted and caused the plaintiff to suffer severe emotional distress and extreme mental anguish.

60). That the defendants hereto exhibited the above stated conduct with a blatant disregard of a substantial possibility of causing the plaintiff to suffer severe emotional distress and extreme mental anguish.

61). That at the time of the aforementioned conduct, defendant police officers was acting under color of law in the course and general scope of employment duties and official duties pursuant to the authority given the defendant City of New York .

62). That at all times herein mentioned, defendant City of New York was and is vicariously liable for the intentional infliction of emotional distress to plaintiff caused by its employee police officer under the doctrine respondent superior.

63). That as a result of the defendants' extreme, outrageous and reckless conduct to which the plaintiff was intentionally subjected, plaintiff's health was impaired and plaintiff was caused to suffer severe emotional distress and extreme mental anguish.

64). That by reason of the foregoing intentional, concerted, unlawful, malicious, reckless and deliberately indifferent conduct and intentional infliction of emotional distress, plaintiff is entitled to recover damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against all defendants, and punitive damages and/or exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00) AND, if applicable, attorney fees as against the individual defendant police officer.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR ABUSE OF PROCESS AS AGAINST ALL DEFENDANTS.

65). Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

66). The arrest, detention, incarceration or imprisonment, including the prosecution of the plaintiff by the defendants City of New York and the particular police officer hereto was for reasons other than to legally prosecute the plaintiff and find the latter guilty of the alleged acts at the scene and by the Court aforementioned within paragraphs 1 through 22, supra.

67). That at time of the aforementioned abuse of process, the defendant police officer was acting under color of law in the course and general scope of employment duties and duties pursuant to the authority given by the defendant City of New York.

68). The arrest, and subsequent acts, including the prosecution of the plaintiff by defendant police officers and the City of New York was solely motivated to conceal criminal actions at the scene aforesaid; to avoid criminal prosecution and employment termination.

69). The arrest, imprisonment and later prosecution of the plaintiff was solely motivated to establish a cover-up of racism and corruption in an agency of the City of New York ; its great embarrassment and humiliation over the ticketing of Latinos or African-Americans and/or their white counter-parts for merely being in possession of alcoholic beverage advertisement such as labels and/or printed advertisement upon cans, bottles, or other vessels, and/or the unlawful, and illegal stop-frisk and searches/ destruction of civilian's personal property, plus physical evidence useful to persons of said races by the City of New York 's own police officers.

70). That by reason of the foregoing intentional, unlawful, malicious, reckless and deliberately indifferent conduct and abuse of process, plaintiff is entitled to recover compensatory damages in the sum of THREE MILLION DOLLARS ($3,000,000,00) as against all defendants, and punitive and/or exemplary damages as a matter of law in the sum THREE MILLION DOLLARS ($3,000,000.00) and, if applicable, attorney fees as against the individual defendant police officer.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST THE CITY OF NEW YORK .

71).Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through   22, supra., with the same force and effect as if hereinafter set forth at length.

72). That the at the time of the aforementioned false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress and abuse of lawful process, all of the above-captioned defendants were acting under color of law in the course and general scope of their employment duties and official duties pursuant to the authority given by the City of New York .

73). That at the time of the aforementioned false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, the defendant City of New York , at all relevant times herein, should have known and reason or opportunity to know, that the specific agent, servant and/or employee named as defendant in this complaint was unfit for the employment for which the person was hired, unfit for the official duties delegated to said individual and unfit for the law enforcement and investigatory responsibilities to which same was assigned.

74). That the municipal defendant hereto was further negligent. In that, at no time, either prior to the police officer's employment, whereby it was foreseeable that defendant would be required to come into contact with the general public, did the municipal defendant ascertain whether this particular police officer was emotionally capable of performing the duties delegated. The defendant City of New York failed to administer to said police officer well known and standardized tests so as to ascertain said police officer's personality towards violence, racism, over-reacting, dishonesty, or incompetence in situation said police officer would likely to encounter.

75). That the City of New York was further negligence. In that, during the employment of the defendant police officer hereto the defendant City of New York became aware, either constructively or from actual knowledge based upon prior complaints, of problems with this particular police officer that, clearly indicated unfitness, and the municipal defendant failed to

take immediate and appropriate action such as investigation, reassignment, or discharge of the identified police officer.

76). That the City of New York defendant hereto was further negligent. In that, it, through its police commissioners, commanders, inspectors, lieutenants, sergeants and officers, routinely and regularly entrusted New York City property, such as, weapons, uniforms, shields, automobiles, handcuffs summonses, and vicinity to the defendant police officer. That by reason of and in consequence of this entrustment, injury was directly caused to the plaintiff.

77). That under the oath of office and the written rules and regulations promulgated by the New York

City Police Department, inter alia, commonly called the **"Patrol Guide,"** or **"Department Manual,"** as published by the defendant City of New York , chemical evidence is supposed to be vouchered and forwarded to the laboratory of the City of New York by the defendant police officer.

78). That under the oath of office and the written rules and regulations promulgated by the New York City Police department, inter alia, commonly called the **"Patrol Guide,"** or **"Department Manual,"** as published by the defendant City of New York , line officers and command personnel have an affirmative duty to intercede and to prevent crimes and other misconduct committed by police officers and to report misconduct by police officers and to report such conduct whenever they become aware of it.

78a). That under the **New York City Charter, Chapter 18, Section 435(a),** the City of New York 's police department and force must protect the property and rights of persons in the City of New York .

79). That the defendant City of New York , through its agents, servants and/or employees have neglected, failed or deliberately refused to so act as stated within paragraphs 77 through 78(a).

80). That the defendant City of New York , through its agents, servants, and/or employees has had notice, both constructively and actual, of routine abuses of citizens by police officers by both the Mollen Commission report issued in or around 1994 and by virtue of the report of Amnesty International issued in or around 1996, including complaints to NYC Public Advocate about the break-in-padlocking-ejectment on March 5th 1999 of Saint Ann 's Advocacy Program and William and Juana Bankhead from 1434 Putnam Avenue Brooklyn without any court order or justification up until March 10th 1999 when NYC Civil Court Judge Peter Wendt condemned said action of two white NYPD Officers of the 83rd Police Precinct and ordered the re-entry of the former tenants, plus NYC Police Department **Chief Kenny** of the 83rd Police Precinct and **Sgt. Scarpa** of the BNTF between 1999 and 2000 from Saint Ann 's Advocacy Program's William F. Bankhead, and through repeated Federal and State civil cases brought by this same plaintiff since 1999 up to current times regarding similar conduct by NYPD officers. That the NYPD has had a "business as usual" attitude regardless of the corrupt, illegal and unlawful behavior by its police officers.

81). That by the defendant City of New York 's failure, refusal or neglect to protect the rights of others, the municipal defendant either requested, engaged or condoned the behavior by the named police officer hereto.

82). That by hiring, retaining, employing, failing to supervise, failing to screen, failing to test, failing to evaluate, failing to monitor, failing to manage failing to train and failing to investigate

the aforementioned agent, servant and/or employee, defendant City of New York negligently created and caused a situation where it was likely that said agent, servant and/or employee would, as result of work history, unfit character, malicious temperament, racism, criminal propensity, inadequate training, inadequate management and inadequate supervision, unlawfully arrest, unlawfully imprison, unlawfully deprive innocent persons of Constitutional rights under the United States Constitution and the New York State Constitution, intentionally and wrongfully inflict emotional distress, intentionally and wrongfully abuse lawful process, commit innocent persons to be maliciously prosecuted, without sufficient reasons or probable cause appearing therefor.

83). That the City of New York knew or should have known in the exercise of due and reasonable care that the aforementioned police officer was malicious, racist, vicious, potentially dangerous, negligent and performing perjurious, criminal and illegal acts under the color of law during the course of employment duties.

84). That defendant City of New York was negligent in the hiring, employment, training, retention, management, supervision, screening, testing, evaluating, monitoring, and investigating of the aforementioned police officer.

85). That by reason of and in consequence of said negligence and lack of reasonable care on the part of the defendant City of New York and its agents, servants and/or employees, plaintiff's health was impaired, plaintiff suffered great mental distress, plaintiff was arrested as described hereinabove, plaintiff since suffers from recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability, inability to function in common activities (work/hobbies), general tenseness and anxiety , and large sums of money were expended by the plaintiff in defense of the offenses charged.

86). That by reason of the foregoing negligence, plaintiff is entitled compensatory damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against the defendant City of New York .

## AS AND FOR A SEVENTH CAUSE OF ACTION AS AGAINST ALL   DEFENDANTS FOR VIOLATION OF ARTICLE 1, SECTIONS 6, 11 AND 12 OF THE NEW YORK STATE CONSTITUTION.

87). Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

88). That by the aforementioned unlawful, deliberate, malicious, reckless, criminal misconduct, defendants violated Article 1, Sections 6, 11 and 12 of the New York State Constitution.

89). That the defendant City of New York directly or indirectly, under color of law and pursuant to official policy, procedure or custom, encouraged, condoned, approved and/or ratified the aforementioned unlawful, deliberate, malicious, reckless, criminal misconduct of the defendant police officer.

90). That the defendant City of New York is responsible and liable for the aforementioned unlawful, deliberate, malicious, reckless, criminal misconduct of the defendant police officer.

91). That the aforementioned unlawful, deliberate, malicious, reckless, criminal misconduct of the defendant police officer resulted in the plaintiff suffering loss of liberty as described hereinabove recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability, inability to function in common activities (work/hobbies), general tenseness and

anxiety, and large sums of money were expended in defense of the offenses charged, deprivation of liberty without due process of law, punishment without due process of law,deprivation of due process of law, deprivation of the due process right to a fair and impartial New York City court proceedings, deprivation of the due process right to a fair institution of New York City court proceedings, deprivation of the due process right to justice and fair dealing in the institution and continuation of New York City court proceedings, deprivation of the due process right punitive court proceedings in New York City court founded upon proper and adequate evidence, deprivation of the due process right to be shielded from police, prosecutorial and investigatorial excesses and misconduct in violation of the law, deprivation of the due process right to a fair hearing/trial and violations of plaintiff's rights under Article l, Section 6, 11 and 12 of the New York State Constitution, and under the Constitution and laws of the United States , all of which are violations of clearly established laws.

92). That by reason of the foregoing intentional, unlawful, deliberate, malicious, reckless, criminal misconduct and deliberately indifferent misconduct, the plaintiff is entitled to recover compensatory damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against all defendants, and punitive and/or exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00) and, if applicable, attorney fees as against the individual defendant police officer.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATIONS OF 42 U.S.C. 1983 (CIVIL RIGHTS DEPRIVATION)

93). Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

94). That a result of the defendant police officer's fabrication of evidence and false accusation that plaintiff committed an offense , plaintiff was falsely arrested, falsely imprisoned, maliciously prosecuted, and plaintiff was subjected to abuse of lawful process, all of which deprived plaintiff of his 4th Amendment liberty interests, including the right to freedom of expression under the lest Amendment , in that the plaintiff was , under the conduct of the defendant police officer, had none of these rights, in violation of of the statutory rights under 42 USC l983.

95). That as a result, the plaintiff was punished without due process of law in violation of rights under the lest, 4th, 5th, and l4th Amendments to the Constitution of the United States and in violation of statutory rights under 42 USC l983.

96). That the defendant police officer's fabrication of evidence and false accusation that plaintiff had committed an offense ,lead to plaintiff's false imprisonment, malicious prosecution, and abuse of process, all of which was perpetrated pursuant to and under color of law and pursuant to official policy, procedure, regulation, and custom of defendant City of New York and its official agencies and bodies.

97). That acting under color of  law and pursuant to official policy, regulation and custom defendant City of New York knowingly, intentionally, recklessly or, with deliberate indifference and callous disregard of the plaintiff's constitutional rights and statutory rights, failed to instruct, train, supervise, control, discipline and investigate the agent, servant and/or employee named as defendant in this complaint who is employed in the field of law enforcement and investigation, on a continuing basis to prevent said defendant, in the conduct of official duties from:

(l) acting without probable cause, to commit and cause an unlawful, warrantless , malicious and

false arrest of the plaintiff, who was acting in accordance with constitution and statutory rights, privileges and immunities;

(2) acting without probable cause, to commit and cause an unlawful, malicious and false imprisonment of the plaintiff which resulted in an imprisonment, incarceration, detention and deprivation of liberty.

(3). acting without probable cause, to commit and cause an unlawful and malicious prosecution of plaintiff;

(4). committing perjury and offering false statements, falsified evidence, falsified reports, falsified official document, and suppressing evidence and acting in bad faith prior to and before all New York City court proceedings during the prosecution of the plaintiff;

(5). acting without probable cause, to commit and cause an unlawful, malicious and abuse of lawful process, and intentional infliction of emotional distress of the plaintiff, who was acting in accordance with constitutional; and statutory rights, privileges and immunities.

(6). acting without probable cause to punish the plaintiff without due process of law in violation of the plaintiff's liberty interests in violation of the lest, 4th, 5th, and 14th Amendments rights under the Constitution and other rights, privileges and immunities guaranteed to the plaintiff by the United States Constitution, the laws of the United States and the Constitution and laws of the State of New York .

98.). That defendant City of New York , under color of law and pursuant to official policy, procedure and custom, knowingly, intentionally, recklessly or with deliberate indifference and callous disregard of plaintiff's constitutional and statutory rights, did refuse, neglect or fail to supervise and investigate the activities of the above captioned defendant police officer.

99). That the refusal, neglect and failure by the defendant City of New York to supervise and investigate the activities of the above captioned defendant police officer, defendant City of New York allowed and permitted said defendant police officer to engage in the aforementioned misconduct.

100). That defendant City of New York 's refusal, neglect and failure to supervise and investigate the activities of the above captioned defendant police officer directly led to plaintiff's deprivation of liberty without due process of law, punishment without due process of law, deprivation of due process of law, deprivation of the due process right to a fair and impartial hearing/trial, deprivation of the due process right to a fair institution of criminal proceedings, deprivation of the due process right to be shielded from police and investigatorial excesses and misconduct in violation of the law, deprivation of the right to carry and possess any commercial advertisement without being subjected to police searches and seizures, arrest, and prosecution for same, suffered by the plaintiff and violations of the plaintiff's rights under the United States Constitution, 42 U.S.C. 1983 and other laws of the United States , and the Constitution and laws of the State of New York , all of which are violations of clearly established law.

101). That defendant City of New York knew and/or should have known and had reason or opportunity to know that the above captioned defendant police officer engaged in a course and/or pattern of such aforementioned misconduct, including perjury, falsified and suppressed evidence, and the deprivation of liberty without due process of law, deprivation of right to freedom of expression, punishment without due process of law, deprivation of due process of law, deprivation of the due process right to a fair and impartial hearing/trial, deprivation of the due

process right to a fair institution of criminal proceedings, deprivation of the due process right to justice and fair dealing in the institution and continuation of criminal proceedings, deprivation of the due process right to be shielded from police and investigatorial excesses and misconduct in violation of the law, and deprivation of the due process right a fair hearing/trial suffered by the plaintiff and violations of the plaintiff's rights under the United States Constitution ,42 U.S.C. 1983 and other laws of the United States , and the Constitution and laws of the State of New York, all of which are violations of clearly established laws.

102). That the defendant City of New York directly or indirectly, under color of law and pursuant to official policy, procedure or custom, encouraged, condoned, approved and/or ratified the aforementioned unlawful, deliberate, malicious, reckless, criminal and wanton misconduct of the above captioned defendant police officer.

103). That the defendant City of New York is responsible and liable for the aforementioned unlawful, deliberate, malicious, reckless, criminal and wanton misconduct of the above captioned defendant police officer.

104). That the aforementioned unlawful, deliberate, malicious, reckless, criminal and wanton misconduct of the above captioned defendant police officer resulted in the plaintiff 's loss of liberty and incarceration , plaintiff since suffers from recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability, inability to function in common activities (work/hobbies), general tenseness and anxiety, expenditure of large sums of money in defense of offenses charged, deprivation of liberty without due process of law, punishment without due process, deprivation of due process of law, deprivation of the due process right to fair and impartial hearing/trial deprivation of the due process right to fair institution of criminal proceedings, deprivation of the due process right to justice and fair dealing in the institution and continuation of criminal proceedings, deprivation of the due process right to a criminal proceeding founded upon proper and adequate evidence, deprivation of the due process right to be shielded from police and investigatorial excesses and misconduct in violation of the law, deprivation of the due process to a fair hearing/trial and violations of the plaintiff's right under the United States Constitution, 42 U.S.C. 1983 and other laws of the United States , and the Constitution and laws of the State of New York , all of which are violations of clearly established laws.

105). That by reason of the foregoing intentional, unlawful, deliberate, malicious, reckless, criminal, wanton misconduct and deliberately indifferent conduct, plaintiff is entitled to recover compensatory damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against all defendants, and punitive and/or exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00) , and if applicable, attorney fees as against the individual defendant police officer.

## AS AND FOR A NINTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS FOR VIOLATION OF 42 USC 1981 & 1982 ( DISCRIMINATION AND PROPERTY RIGHTS)

106). Plaintiff repeats, reiterates and realleges each and every allegations contained in paragraph 1 through 22, supra., with the same force and effect as if hereinafter set forth at length.

107). That plaintiff , an African-American/Hispanic citizen was, at all times relevant hereto, engaged in a New York State/City protected activity under the Bottle/Can Return laws of New York State/City of certain beverage containers. That, furthermore, Federal civil and criminal laws allows all persons to engage in all programs and activities sponsored by any State, and upon

equal terms as White People.

108). That the aforementioned Bottle/Can Return laws does permit any body to obtain monies from any bodega, grocery-store, market selling the identical beverage container in the possession of the plaintiff. That individuals within the City of New York , despite their color, national origin, sexual preference, marital status, disability, creed ,or financial status are permitted to freely participate in the Bottle/Can Return benefits and programs under said laws.

109). That Title 42 USC 1981 protects plaintiff, and like persons, lawful contract from the official interference, acts of arrest, imprisonment, ticketing and prosecution. That plaintiff is a "qualified person" to participate within the **Bottle/Can Return program** in the City/State of New York.

110). That despite any qualification, the defendants have continuously arrested, ticketed, prosecuted and demanded fines/imprisonment from plaintiff and persons of like race and/or their white associates found in accompany with individuals of individuals like plaintiff. In addition, in 100% of all cases identified and investigated by plaintiff and others liken plaintiff, the defendants have destroyed personal property of said persons, without it being even examined by the state court judges, the state defense attorneys, police labs, and refused, neglected or failed to provide the victims with a "Property Clerk Invoice" for the personal property so destroyed; each subjected to loss of property, ticketed, arrested, imprisoned, some fined and berated by employees of the New York City Police Department, including this defendant police officer.

111). That as a proximate and direct result of the acts/inactions of the defendants hereto, the plaintiff has been denied and deprived of the right to make, enforce contracts, be parties, give evidence before the state court proceedings, and to the full and equal benefits of all laws and proceedings for the security of persons as enjoyed by white citizens, and to be subject to like punishment, pains, penalties, taxes, license and exaction of every kind, and to no other when other individuals are permitted to participate in the benefits of the Bottle/Can Return laws without police interference as complained of herein.

111a). That all citizens of the United States do have the same rights, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. Furthermore, that the plaintiff has been denied, deprived and refused the protection under the federal laws regarding personal property by the actions taken by the defendants. In that, personal property was seized and destroyed by the defendant police officer, and at the acquiescence of the City of New York whereas the same type of property is never seized or destroyed in a white community, involving white individuals by police officers of the New York City Police Department.

112). That as a direct and proximate result of the action/inaction of the defendants , plaintiff since suffers recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability, inability to function in common activities (work/hobbies), general tenseness and anxiety, loss of liberty, personal property, expenditure of large sums of money in defense of the offenses charged.

113). That by reason of the foregoing intentional, concerted, unlawful, malicious, deliberately discriminatory conduct, plaintiff is entitled to recover damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against all defendants, and punitive damages and/or exemplary damages as a matter of law in the sum of THREE MILLION DOLLARS ($3,000,000.00), and, if applicable, attorney fees as against the individual defendant police officer.

**AS AND FOR A TENTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS FOR CONSPIRACY WITH RACIAL ANIMUS**

114). Plaintiff repeats, reiterates and realleges all of the allegations contained within paragraphs 1 through 22, supra., with the same force and effect as herein a set forth at length.

115). The individual police officer defendants hereto, under color of law, conspired with each other, and with others yet known, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten, and intimidate the plaintiff in the free exercise and enjoyment of the rights and privileges and equal protection of the laws secured to him by the Constitution including the rights: to be free from the intentional and unreasonable seraches and seizures; to associate and speak freely; to have access and seek redress in the courts; and to be free from false arrest, false imprisonment, and destruction of personal property which are noncontraband in nature.

116). That each police officer named herein was a willing participant in joint action with others yet to be identified, and acting under color of law.

117). It was part of the conspiracy that each officer herein would search the neighbor- hoods and seek out and arrest, ticket and imprison in many instances, handcuff said person behind the back while in police custody, plus stole personal property from said person.

118). In furtherance of the conspiracy, and to conceal the crimes and misconduct of the named police officer(s) all of the defendants , with the exception of the municipality, engaged in a cover-up.

119). The conduct of the defendant was motivated by racial animus and the desire to injure, oppress, threaten, and intimidate plaintiff because of such person's race, and because of that individual's birthplace.

120). Defendants  racial and ethnic animus was clearly expressed by the acts, inaction, behavior, racial epithets and ethnically insulting remarks, and offensive touching directed at the plaintiff during and after the encounter(s) herein complained.

121). That the aforementioned unlawful, deliberate, reckless, criminal and wanton misconduct of the above captioned defendant police officer(s) resulted in the plaintiff's loss of liberty, and incarceration, plaintiff since suffers from recurring terrifying memories, nightmares, dreams, difficulty in concentrating, irritability,  inability to function in common activities (work/hobbies), general tenseness and anxiety, expenditure of large sums of money in defense of offenses charged, deprivation of liberty without due process of law, punishment without due process of law; deprivation of due process of law; deprivation of the due process right to fair and impartial hearing/trial; deprivation of the due process right to fair institution of criminal/civil proceedings, deprivation of the due process right to a criminal/civil proceeding founded upon proper and adequate evidence, deprivation of the due process right to be shielded from police and investigatorial excesses and misconduct in violation of the law, deprivation of the due process right to a fair hearing/trial and in complete disregard to the plaintiff's rights under the United States Constitution and laws of the State of New York, all of which are violations of clearly established laws.

122). That by reason of the foregoing intentional, unlawful, deliberate, malicious, reckless, criminal, wanton, misconduct and deliberately indifferent conduct, plaintiff is entitled to recover compensatory damages in the sum of THREE MILLION DOLLARS ($3,000,000.00) as against

the defendant police officers and punitive and/or exemplary damages in the amount of THREE MILLION DOLLARS ($3,000,000.00), and if applicable, attorney fees as against each defendant police officer.

## RELIEF

**WHEREFORE,** plaintiff respectively demand judgment as follows:

A) Upon each Cause of Action above compensatory and punitive and/or exemplary damages as stated within each;

B). Attorney fees as applicable upon the entire case;

C). Declare that the above statutes, on the face, and as construed and applied by the defendants towards plaintiff's ownership, possession and carrying of alcoholic beverage advertisements upon opened cans, bottles, flask or other vessels; in and on the public streets, abridge the free exercise and freedom of speech and/or expression, contrary to the 1st & 14th Amendments to the United States Constitution where defendants do not examine the contents of cans, bottles, vessels or flasks; which bear alcoholic beverage advertisement, for the presence of the proscribed chemical contraband defined within the statutes above; declare defendants acts violate Due Notice/Process of the Laws, Seizure Of Person/Property contrary to the 4th, 5th and 14th Amendments to the United States Constitution.

D). Declare that the non-application of the above codes, and defendants acts against other individuals who own, possess, and carry advertisements in public on opened non-alcoholic beverage cans, bottles, flasks and other vessels, constitutes violation of the Equal Protection of the Laws when defendants do not test for the alcoholic beverage, or arrest and prosecute such individuals.

E). Declare that the behavior by the defendant violates New York State/City Bottle/Can Return laws as applicable hereto; that all people are permitted under that New York Laws , namely, Section 40-C, Civil Rights Laws, can equally participate in the Bottle/Can Return program regardless of race, color, creed, natural origin, financial status, disability, marital status or sexual preference; can have equal access to thoroughfares on the same basis as White people;

F). Declare that the behavior complained of the defendants violate the rights of persons, including the plaintiff(s) to inherit, purchase, lease sell, hold and convey personal property upon like terms of white citizens;

G). Temporary and permanently enjoin defendants from arresting or prosecuting the plaintiff(s) under the aforementioned statutes, and in the manner complained above, or from the baseless seizure and destruction of plaintiff(s) personal property, including the disposal of any physical evidence, vis, the cans, bottles, plus liquid, which plaintiff(s), i.e., state defendants facing charges of public drinking, may need to refute said charges, and **permanent seizure and removal of the NYS Certification for the NYC Police Department, alternatively, due to its continuous disregard for its own laws, and rights of Plaintiff and others similarly affected by the complained of behavior by Police Personnel, ordering the take-over of the NYPD by the Federal Government.**

### JURY TRIAL DEMAND

Plaintiff demands a jury trial upon the case.

## DEFENDANTS ARE WARNED AGAINST VIOLATIONS OF THE LAWS BELOW. FEDERAL CRIMINAL COMPLAINT WILL BE SOUGHT FOR VIOLATION OF THESE LAWS

**TITLE 18 U.S.C. § 1512. Tampering with a witness, victim, or an informant**

a) (1)Whoever kills or attempts to kill another person, with intent to—

(A)prevent the attendance or testimony of any person in an official proceeding;

(B)prevent the production of a record, document, or other object, in an official proceeding; or

(C)prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

(2)Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to—

(A)influence, delay, or prevent the testimony of any person in an official proceeding;

(B)cause or induce any person to—

(i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;

(iii)evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

(iv) be absent from an official proceeding to which that person has been summoned by legal process; or

(C)hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

(3)The punishment for an offense under this subsection is—

(A)in the case of a killing, the punishment provided in sections 1111 and 1112;

(B)in the case of—

(i) an attempt to murder; or

(ii) the use or attempted use of physical force against any person; imprisonment for not more than *30 years;* and

(C)in the case of the ***threat of use of physical force*** against any person, imprisonment for not more than *20 years.*

(b)Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(1)influence, delay, or prevent the testimony of any person in an official proceeding;

(2)cause or induce any person to—

(A)withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(B)alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

(C)evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an

official proceeding; or

(D)be absent from an official proceeding to which such person has been summoned by legal process; or

*(3)hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release,, parole, or release pending judicial proceedings;*

shall be fined under this title or imprisoned not more than <u>*20 years*</u>, or both.

(c)Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than <u>*20 years*</u>, or both.

<u>**(d) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from—**</u>

<u>**(1) attending or testifying in an official proceeding;**</u>

(2 )reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation   supervised release,, parole, or release pending judicial proceedings;

<u>**(3) arresting or seeking the arrest of another person in connection with a Federal offense; or**</u>

<u>**(4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding;**</u>

or attempts to do so, shall be fined under this title or imprisoned not more than <u>3 years</u>, or both.

(e) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

(f)For the purposes of this section—

<u>*(1) an official proceeding need not be pending or about to be instituted at the time of the offense; and*</u>

(2)the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

(g)In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance—

<u>*(1)that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or*</u>

<u>*(2)that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.*</u>

(h)There is extraterritorial Federal jurisdiction over an offense under this section.

(i)A prosecution under this section or section <u>1503</u> may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

(j)If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

*(k)Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.*

### TITLE 18 U.S.C § 1513. Retaliating against a witness, victim, or an informant

a) (1) Whoever kills or attempts to kill another person with intent to retaliate against any person for—

(A) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

(B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings,

shall be punished as provided in paragraph (2).

(2) The punishment for an offense under this subsection is—

(A) in the case of a killing, the punishment provided in sections 1111

and 1112; and

(B) in the case of an attempt, imprisonment for not more than 30 years.

(b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—

(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

(2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

or attempts to do so, shall be fined under this title or imprisoned not more than *20 years,* or both.

(c) If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(d) There is extraterritorial Federal jurisdiction over an offense under this section.

(e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than *10 years,* or both.

(f) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

(g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.

### TITLE 18 U.S.C § 1514. Civil action to restrain harassment of a

### victim or witness

(a)

(1) A United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds, from specific facts shown by affidavit or by verified complaint, that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

(2)

(A) A temporary restraining order may be issued under this section without written or oral notice to the adverse party or such party's attorney in a civil action under this section if the court finds, upon written certification of facts by the attorney for the Government, that such notice should not be required and that there is a reasonable probability that the Government will prevail on the merits.

(B) A temporary restraining order issued without notice under this section shall be endorsed with the date and hour of issuance and be filed forthwith in the office of the clerk of the court issuing the order.

(C) A temporary restraining order issued under this section shall expire at such time, not to exceed 14 days from issuance, as the court directs; the court, for good cause shown before expiration of such order, may extend the expiration date of the order for up to 14 days or for such longer period agreed to by the adverse party.

(D) When a temporary restraining order is issued without notice, the motion for a protective order shall be set down for hearing at the earliest possible time and takes precedence over all matters except older matters of the same character, and when such motion comes on for hearing, if the attorney for the Government does not proceed with the application for a protective order, the court shall dissolve the temporary restraining order.

(E) If on two days notice to the attorney for the Government, excluding intermediate weekends and holidays, or on such shorter notice as the court may prescribe, the adverse party appears and moves to dissolve or modify the temporary restraining order, the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

(F) A temporary restraining order shall set forth the reasons for the issuance of such order, be specific in terms, and describe in reasonable detail (and not by reference to the complaint or other document) the act or acts being restrained.

(b)

(1) A United States district court, upon motion of the attorney for the Government, shall issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

(2) At the hearing referred to in paragraph (1) of this subsection, any adverse party named in the complaint shall have the right to present evidence and cross-examine witnesses.

(3) A protective order shall set forth the reasons for the issuance of such order, be specific in terms, describe in reasonable detail (and not by reference to the complaint or other document) the act or acts being restrained.

(4) The court shall set the duration of effect of the protective order for such period as the court determines necessary to prevent harassment of the victim or witness but in no case for a period in excess of three years from the date of such order's issuance. The attorney for the Government may, at any time within ninety days before the expiration of such order, apply for a new protective order under this section.

(c) As used in this section—

(1) the term "harassment" means a course of conduct directed at a specific person that—

(A) causes substantial emotional distress in such person; and

(B) serves no legitimate purpose; and

(2) the term "course of conduct" means a series of acts over a period of time, however short, indicating a continuity of purpose.

10/7/2011

RESPECTFULLY SUBMITTED,

PRO-SE



In the case of *ELKINS ET AL. v. UNITED STATES*, 364 U.S. 206, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 the court in speaking about the imperative of judicial integrity stated:

"In a government of laws," said Mr. Justice Brandeis, "existence of the government will be imperiled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

DOCKET                                                    YEAR:

BANKHEAD

vs.

NYPD POLICE OFFICERS

## FEDERAL CIVIL RIGHTS COMPLAINT

WILLIAM F. BANKHEAD—PRO-SE

c/o Jesus Pena, 1402 Myrtle Avenue, Bklyn, NY, 11237

NYC Corporation Counselor's Office

100 Church Street, 10007, NYC

